John F. Lomax (#20224)
Robert H. Feinberg (#015059)
Andrew Sniegowski (#031664)
SNELL & WILMER L.L.P.
One Arizona Center
400 E. Van Buren, Suite 1900
Phoenix, Arizona 85004-2202
Telephone: 602.382.6000
Facsimile: 602.382.6070
E-Mail: jlomax@swlaw.com
        rfeinberg@swlaw.com
        asniegowski@swlaw.com
*Attorneys for Plaintiff Fresenius*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Fresenius U.S.A. Manufacturing, Inc., <br><br> Plaintiff, <br><br> v. <br><br> Marcello S. Lee; Honorable Malcolm Begay, in his official capacity as District Court Judge in Navajo Nation District Court; Honorable Rudy Bedonie, in his official capacity as District Court Judge in the Navajo Nation District Court; Honorable Cynthia Thompson, in her official capacity as District Court Judge in the Navajo Nation District Court; and Valerie Descheny, in her official capacity as Clerk of the Court of Navajo Nation for the District of Chinle, <br><br> Defendants. | No. <br><br> **VERIFIED COMPLAINT** |

For its Verified Complaint against Defendants, Plaintiff alleges as follows:

This case arises from and relates to a pending action in the Navajo Nation District Court brought by Defendant Marcello S. Lee against Fresenius U.S.A. Manufacturing, Inc. ("Fresenius") and other companies. The other companies, which include Defendant Lee's former employer, are not parties to this action. Fresenius has exhausted its tribal court remedies regarding jurisdiction, including a determination by the Navajo Nation

25365784

Supreme Court. The Navajo Nation courts' exercise of personal jurisdiction over Fresenius and the exercise of subject matter jurisdiction over Defendant Lee's claims against Fresenius are improper.

## PARTIES AND JURISDICTION

1. Fresenius is a Delaware corporation, with its principal place of business in Massachusetts.

2. Defendant Marcello S. Lee ("Lee") is a member of the Navajo Nation residing in Chinle, Arizona. He is the plaintiff in a case pending in the Navajo Nation District Court for the District of Chinle, entitled *Marcello S. Lee v. DaVita Healthcare Partners, Inc., et al.*, Case Number CH-CV-133-13. He is represented by counsel and has expressed his intent to proceed with his case against Fresenius in the Navajo Nation court system.

3. Defendant Cynthia Thompson is now a judge of the Navajo Nation District Court, Dilkon Judicial District. She was previously assigned to the Navajo Nation District Court, Chinle Judicial District and was the presiding judge in *Marcello S. Lee v. DaVita Healthcare Partners, Inc., et al.*, Case Number CH-CV-133-13 at the time that it was filed.

4. Defendant Rudy Bedonie is the judge of the Navajo Nation District Court, Chinle Judicial District. He was appointed to replace Defendant Thompson in presiding over *Marcello S. Lee v. DaVita Healthcare Partners, Inc., et al.*, Case Number CH-CV-133-13. On March 12, 2015, he denied Fresenius' Motion to Dismiss that case for lack of personal and subject matter jurisdiction.

5. Defendant Honorable Malcolm Begay was previously a judge of the Navajo Nation District Court, Kayenta Judicial District. On July 10, 2015, he was appointed by the Navajo Nation Supreme Court to preside over *Marcello S. Lee v. DaVita Healthcare Partners, Inc., et al.*, Case Number CH-CV-133-13 in the Chinle Judicial District. Defendant Begay was appointed to replace Defendant Bedonie, who recused himself from the case due to a potential conflict of interest.

6. Defendant Valerie Descheny is the Clerk of the Courts of the Navajo Nation for the District of Chinle who issued and signed the November 18, 2016 Notice of Jury Trial ordering Fresenius and the other parties to appear for trial in the Navajo Nation District Court.

7. Defendants Thompson, Bedonie, Begay, and Descheny (collectively, "Tribal Defendants") have acted or threatened to act under color of Navajo tribal governmental authority to the injury of Plaintiff in violation of federal law and in excess of federal limitations upon their power and the power of the Navajo Nation courts. Such actions exceed the lawful authority of the Navajo Nation courts and, therefore, the Tribal Defendants are sued in their official capacities.

8. Each Defendant has caused events to occur or is threatening to cause events to occur in the State of Arizona out of which the claims stated in this Complaint arise, and a substantial part of the acts taken or threatened to be taken by Defendants which give rise to the claims alleged in this Complaint were taken or threatened to be taken in Chinle, Arizona. The place of performance of official duties of each Tribal Defendant is or has been Chinle, Arizona.

9. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331. *See FMC v. Shoshone-Bannock Tribes*, 905 F.2d 1311, 1314 (9th Cir. 1990) ("the question of tribal court jurisdiction is a federal question.").

10. A case of actual controversy exists between the parties, warranting the Court's declaration, pursuant to 28 U.S.C. § 2201, of the rights and other legal relations of the parties as hereinafter sought by Plaintiff.

**GENERAL ALLEGATIONS**

11. Among other activities, Fresenius sells products to healthcare providers across the United States. *See* Declaration of Paul Colantonio, dated January 22, 2014, attached as Exhibit A.

12. Fresenius has never consented to the jurisdiction of the Navajo Nation courts. *See id.* at ¶ 10.

25365784

- 3 -

13. Fresenius is not a Navajo member or entity. It is not a member or entity of any Indian tribe.

14. Fresenius does not have any contracts, commercial dealings, leases, or other consensual relationships with the Navajo Nation. *Id.* at ¶ 11.

15. Fresenius is not registered to do business in the Navajo Nation. *Id.* at ¶ 12.

16. Fresenius does not own, operate, or control any facility or business located in the Navajo Nation. *Id.* at ¶ 13.

17. Fresenius does not own, operate, or control any facility or business in Chinle, Arizona. *Id.* at ¶ 14.

18. Fresenius does not provide any services in Chinle, Arizona. *Id.* at ¶ 15.

19. Fresenius has never sold any products directly to the Navajo Nation or its members. *Id.* at ¶ 16.

20. Fresenius has never employed anyone on the Navajo Nation. *Id.* at ¶ 17.

21. On or about August 30, 1999, Fresenius entered into a Supply Agreement with Total Renal Care, Inc., a California corporation, with its principal office in Torrance, California. *Id.* at ¶ 19.

22. Pursuant to the Supply Agreement, Fresenius agreed to sell certain peritoneal dialysis and hemodialysis supplies to Total Renal Care, Inc., which later became DaVita, Inc. ("DaVita"). *Id.* at ¶ 20.

23. The Supply Agreement was part of a master agreement between Fresenius and DaVita which addressed supply orders from DaVita clinics nationwide. *Id.* at ¶ 21.

24. At the time the parties entered the Supply Agreement, no one at Total Renal Care, Inc. informed Fresenius that Total Renal Care, Inc. operated a clinic located within the Navajo Nation or that a DaVita clinic would order products for shipment to the Navajo Nation. *Id.* at ¶ 22.

25. Fresenius never had a separate agreement with DaVita specifically for DaVita clinics conducting business in Arizona or within the Navajo Nation. *Id.* at ¶ 23.

26. Between 1999 and 2002, Fresenius sold formaldehyde to DaVita and shipped those products to DaVita's Chinle Dialysis Facility in Chinle, Arizona. *Id.* at ¶ 24.

27. None of the address labels for any of the invoices or shipping information indicated that Chinle, Arizona was located within the Navajo Nation. *Id.* at ¶ 25.

28. Defendant Lee was an employee of DaVita's Chinle Dialysis facility from 1992 through 2000.

29. Fresenius did not employ Defendant Lee and did not have any control over his employment. *Id.* at ¶ 30.

30. On September 24, 2013, Defendant Lee filed a complaint against DaVita and Fresenius in the District Court of the Navajo Nation for the Judicial District of Chinle, Arizona. The complaint asserts claims against Fresenius and DaVita for (1) negligence; (2) strict products liability; and (3) and Navajo common law arising from his allegation that he developed multiple myeloma as a result of exposure to formaldehyde while working at DaVita.

31. Fresenius was served with the complaint on October 21, 2013.

32. Fresenius filed a motion to dismiss for lack of personal and subject matter jurisdiction on January 30, 2014.

33. Defendant Lee responded to Fresenius' motion to dismiss on March 24, 2014.

34. Fresenius replied in support of its motion to dismiss on April 11, 2014.

35. The Navajo Nation's District Court, District of Chinle denied Fresenius' motion to dismiss on March 12, 2015. The decision was issued by Defendant Rudy I. Bedonie, who later recused himself from the case due to a potential conflict of interest. *See* Exhibit B.

36. On March 18, 2015, Fresenius filed a Petition for Writ of Prohibition with the Supreme Court of the Navajo Nation. In that Petition, Fresenius argued that the

1  Navajo Nation judicial system lacked personal and subject matter jurisdiction as a matter
2  of both Navajo and federal law.  *See* Exhibit C.

3      37.    On November 15, 2016, the Supreme Court of the Navajo Nation denied
4  Fresenius' Petition for Writ of Prohibition. *See* Exhibit D.

5      38.    On November 18, 2016, Defendant Descheny issued a Notice of Jury Trial,
6  ordering the parties to begin a trial in front of Defendant Begay on March 27, 2017.

7      39.    The Navajo Nation courts do not have personal jurisdiction over Fresenius
8  and do not have subject matter jurisdiction over Defendant Lee's claims against Fresenius.

9      40.    Permitting Defendants to proceed with a trial against Fresenius in the
10 Navajo Nation court is inconsistent with the federal constitutional limits of due process
11 and governing federal law on the judicial authority of tribal courts over non-Indian
12 defendants in civil matters.

13     41.    Fresenius has fully exhausted all Navajo Nation proceedings and remedies
14 as to the issues of personal and subject matter jurisdiction as the Navajo Nation Supreme
15 Court, the highest appeal court of the Navajo Nation, has denied Fresenius' Writ of
16 Prohibition.

## FIRST CLAIM FOR RELIEF

18     42.    Fresenius incorporates the preceding paragraphs by reference, as if fully set
19 forth herein.

20     43.    Fresenius seeks a declaration of its rights, and the rights of the other parties
21 to this action, pursuant to 28 U.S.C. §§ 2201, *et seq.*

22     44.    Fresenius satisfies the prerequisites for relief under 28 U.S.C. §§ 2201, *et
23 seq.* because, as described in this Verified Complaint, there is an actual controversy
24 between Fresenius and Defendants within the jurisdiction of this Court.

25     45.    Fresenius is entitled to a declaratory judgment that the Navajo Nation
26 courts' exercise of jurisdiction over Fresenius (1) is a violation of Fresenius' due process
27 rights; and (2) exceeds the Navajo Nation courts' civil jurisdiction over Fresenius under
28 federal law.

46. Fresenius lacks sufficient minimum contacts with the Navajo Nation necessary for the Navajo Nation courts to have personal jurisdiction over Fresenius.

47. Fresenius is not domiciled within or on the Navajo Nation.

48. Fresenius is not, and has not been, physically present on the Navajo Nation.

49. Fresenius has not consented to the Navajo Nation courts' exercise of personal jurisdiction over it.

50. Fresenius did not purposefully avail itself of the privilege of conducting business in or with the Navajo Nation. Fresenius did not purposefully target the Chinle Dialysis facility in Chinle, Arizona or any specific location in the Navajo Nation for the sale and delivery of its products. Fresenius was unaware that one of the clinics to which it sent products was located on the Navajo Nation. *See* Ex. A at ¶ 22.

51. Fresenius has not taken any action within the regulatory or adjudicatory jurisdiction of the Navajo Nation, nor has it purposefully availed itself of the benefits and protections of the Navajo Nation.

52. Fresenius' mere act of placing formaldehyde into the stream of commerce does not give rise to personal jurisdiction over Fresenius in the Navajo Nation courts.

53. Fresenius could not reasonably foresee being haled into the courts of the Navajo Nation.

54. With regard to subject matter jurisdiction, "federal courts are the final arbiters of federal law, and the question of tribal court jurisdiction is a federal question." *FMC v. Shoshone-Bannock Tribes*, 905 F.2d 1311, 1314 (9th Cir. 1990).

55. With limited exceptions, "the inherent sovereign powers of an Indian tribe do not extend to the activities of nonmembers of the tribe." *Montana v. U.S.*, 450 U.S. 544, 565 (1981).

56. "The first exception relates to nonmembers who enter consensual relationships with the Tribe or its members; the second concerns activity that directly affects the Tribe's political integrity, economic security, health, or welfare." *Strate v. A-1 Contractors*, 520 U.S. 438, 446 (1997)

57. Under the first exception, a "tribe may regulate . . . the activities of nonmembers who enter consensual relationships with the tribe or its members, through commercial dealing, contracts, leases, or other arrangements." *Montana*, 450 U.S. at 565.

58. Fresenius never entered any consensual relationship with the Navajo tribe or its members. *See* Ex. A at ¶¶ 10-18.

59. Fresenius has not consented to the jurisdiction of the Navajo Nation courts, does not have any contracts or other commercial dealings with the Navajo Nation, and does not own, operate, or control any businesses on the Navajo Nation. *See* Ex. A.

60. Moreover, the alleged conduct giving rise to the cause of action must "have a nexus to the consensual relationship itself." *Atkinson Trading Co. v. Shirley*, 532 U.S. 645, 656 (2001). "A nonmember's consensual relationship in one area . . . does not trigger tribal civil authority in another – it is not 'in for a penny, in for a Pound.'" *Id.* Therefore, Fresenius' consensual relationship with DaVita cannot trigger tribal court jurisdiction over Fresenius for purposes of a lawsuit filed by Defendant Lee, with whom Fresenius had no relationship or dealings of any kind.

61. Under the second exception, "[a] tribe may also retain inherent power to exercise civil authority over the conduct of non-Indians on fee lands within its reservation when that conduct threatens or has some direct effect on the political integrity, the economic security, or the health or welfare of the tribe." *Montana*, 450 U.S. at 566.

62. The nonmember's alleged conduct "must do more than injure the tribe[;] it must 'imperil the subsistence' of the tribal community." *Plains Commerce Bank v. Long Family Land & Cattle Co.*, 554 U.S. 316, 341 (2008); *see also Burlington N. R.R. Co. v. Red Wolf*, 196 F.3d 1059, 1065 (9th Cir. 1999) ("A nonmember's impact must be demonstrably serious.").

63. Defendant Lee alleges a single harm to himself: that he developed multiple purportedly from his exposure to formaldehyde.

64. An alleged injury to a single tribe member is not sufficient to trigger tribal court jurisdiction.

65. Requiring Fresenius to defend against Defendant Lee's allegation of a single harm "in an unfamiliar court" is "not necessary to protect tribal self-government . . . [and] is not crucial to 'the political integrity, the economic security, or the health or welfare of the [Navajo Nation].'" *Strate*, 520 U.S. at 458 (quoting *Montana*, 450 U.S. at 566).

66. The Navajo Nation courts lack personal over Fresenius and lack subject matter jurisdiction over Defendant Lee's claims against Fresenius.

67. Unless enjoined, Defendants have proceeded, and are threatening to further proceed, against Fresenius beyond the Navajo Nation courts' jurisdiction, without basis in law, and in violation of federal law, as the Navajo Nation courts have no authority to order Fresenius to defend against Defendant Lee's lawsuit in a court of the Navajo Nation.

68. Unless preliminary and permanent injunctive relief are granted as prayed for in this Complaint, Fresenius will suffer irreparable injury in having to defend against an action by Defendant Lee which is beyond the Navajo Nation courts' jurisdiction, without basis in law, and in violation of federal law.

69. The balance of hardships favors Fresenius, as the harm Fresenius would suffer greatly outweighs the harm, if any, to be suffered by Defendants in proceeding without jurisdiction, without basis in law, and in violation of federal law.

70. Granting preliminary and injunctive relief in favor of Fresenius will advance the public interest in protecting parties from the unconstitutional exercise of judicial power.

71. Permitting the Navajo Nation courts to exercise jurisdiction in excess of the limitations created by federal law is "not in the public's best interest."

72. Fresenius has no adequate remedy at law.

73. Fresenius has a high likelihood of success on the merits of its claims.

74. Fresenius is entitled to preliminary and permanent injunctive relief prohibiting Defendants from commencing, prosecuting, maintaining or considering any further proceedings by Defendant Lee against Fresenius.

75. The Court should also enter an order retaining jurisdiction over this action to ensure enforcement of such injunctive relief.

WHEREFORE, Plaintiff prays for judgment against Defendants, their successors, and all persons in active concert and participation with them who receive notice of any judgment or order of this Court, whether by process or otherwise, as follows:

    a. For a declaratory judgment that the courts of the Navajo Nation lack personal and subject matter jurisdiction to entertain, hear, process consider, or try Defendant Marcello S. Lee's claims against Fresenius;

    b. For a preliminary and permanent injunction prohibiting Defendants from commencing, prosecuting, maintaining, or considering further judicial proceedings by Defendant Marcello S. Lee against Fresenius within the Navajo Nation court system ;

    c. For an order retaining jurisdiction over this action to ensure enforcement of the injunctive relief;

    d. For judgment for Fresenius' taxable costs, plus interest thereon at the legal rate until paid; and

    e. For such other and further relief as the Court deems just.

DATED this 24th day of January, 2017.

                                            SNELL & WILMER L.L.P.

                                            By: s/ Andrew Sniegowski
                                                 John F. Lomax
                                                 Robert H. Feinberg
                                                 Andrew Sniegowski
                                                 One Arizona Center
                                                 400 E. Van Buren, Suite 1900
                                                 Phoenix, Arizona  85004-2202
                                                 *Attorneys for Plaintiff Fresenius*

## **VERIFICATION**

I, Mark Fawcett, individually and on behalf of Fresenius U.S.A. Manufacturing, Inc., Plaintiff in this action, have reviewed the foregoing Verified Complaint and verify under penalty of perjury that it is true and correct.

Dated: 1/23/17

25365784

## CERTIFICATE OF SERVICE

I hereby certify that, on January 24, 2017, I electronically transmitted the attached *Verified Complaint* to the Clerk's office using the CM/ECF System for filing.

*s/ Sandy Rosales*